UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEATIG INC.,

          Plaintiff,

  -against-

BIZLOG, LLC, TRIPLOG INC., AND
ADVANCE DRIVER TECHNOLOGIES,
LLC,
          Defendants.

CASE No.

**COMPLAINT**

Plaintiff SEATIG INC. ("Seatig" or "Plaintiff") alleges for its complaint against defendants

TRIPLOG INC. ("TripLog"), BIZLOG, LLC ("BizLog"), and ADVANCE DRIVER

TECHNOLOGIES, LLC ("Advance") (collectively, "Defendants" and "Companies"), to the best

of its knowledge, information and belief, formed after an inquiry reasonable under the

circumstances:

## NATURE OF THE ACTION

1.      This is an action for breach of contract, tortious interference with a contract, and

intellectual property misappropriation arising from Defendants' unlawful conduct in, *inter alia*,

causing the termination of the employment contracts between Plaintiff and its employees, poaching

Plaintiff's employees, and misappropriating Plaintiff's intellectual property.

2.      The Agreement entered into between the parties included clauses governing non-

solicitation of Plaintiff's employees. Defendants breached the Agreement by hiring Plaintiff's

employees and consequently retaining all of Plaintiff's intellectual property.

3.      As a result of these actions, Plaintiff has suffered significant damages, including

loss of business revenue, loss of competitive advantage, and the bankruptcy of its subsidiary,

Seatig Chengdu CO. LTD.

1

**PARTIES**

4.      Plaintiff Seatig is a New York corporation with its principal place of business in New York, New York.

5.      Defendant BizLog is a Washington limited liability company with its principal place of business in Issaquah, Washington.

6.      Defendant TripLog is a Delaware corporation with its principal place of business in Issaquah, Washington.

7.      Defendant Advance is a Washington limited liability company with its principal place of business in Issaquah, Washington.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and is between citizens of different states.

9.      Venue is proper under 28 U.S.C. § 1391(a) because Defendants are subject to personal jurisdiction in this District and/or a substantial part of the events or omissions that give rise to the claims occurred or property that is the subject of the action is situated in this District. Furthermore, the Agreement contains a venue clause which contains a New York venue clause for the determination of all disputes in connection with the Agreement.

**STATEMENT OF FACTS**

10.      Seatig is a software development outsourcing company.

11.      Defendant BizLog (f/k/a eSocial, LLC) is a technology company specializing in software solutions for mileage tracking and reimbursement.  BizLog was formed by Tianji He (a/k/a Ted He) ("Ted He").

12.      Defendant TripLog is a technology company owned by BizLog.

2

13.     Defendant Advance was also founded by Ted He as a LLC and owns the brand OnLoad, the enterprise version of TripLog offered to trucking companies.

14.     Seatig was hired by Ted He to develop technologies for Defendants.

15.     In 2012, Seatig and BizLog entered into a short-term Outsourcing Services Master Agreement in which Seatig provided software development services through its employees ("Seatig Employees") to BizLog.

16.     In 2015, Seatig and BizLog entered into a long-term Outsourcing Services Master Agreement ("Agreement") for the same purpose, but without an end date.

17.     The Agreement included clauses addressing non-solicitation of Seatig Employees. A true copy of the Agreement is annexed hereto as Exhibit "A".

18.     Section 11 of the Agreement titled "Non-Solicitation Agreement" prohibited BizLog and its "subsidiaries or affiliated entities" from hiring Seatig Employees for a 20-year period after working on projects for BizLog as employees of Seatig.  Section 11 states: "Client and its group members may not hire as employees or for projects Seatig's or Seatig's group members' present or past employees, consultants, workers, or freelancers for up to 20 years after they have worked on projects for Client as Seatig Employees under this Agreement. Group members refer to a party's subsidiaries or affiliated entities. Seatig may bring legal action against Client for such violations." Ex. A, § 11.

19.     In direct violation of this clause, Defendants hired Seatig Employees.  In April and May of 2023, Ted He hired one of Seatig Employees.

20.     Immediately thereafter, Seatig exchanged correspondence with Ted He discussing the violation of the non-solicitation clause.  As a result of Seatig's objection, the Seatig Employees eventually returned to Seatig from June to July of 2023.

3

21. In August 2023, Defendants terminated the Agreement with Seatig as a maneuver to directly hire Seatig Employees, which impacted Seatig's operations and caused the termination of the employment agreement between Seatig and the Seatig Employees.

22. At that time, the Seatig Employees on the TripLog account were composed of three Employees: Li Shangshu, Zeng Shurui, and Liu Lei.

23. Defendants' wrongful termination of the Agreement caused Seatig's Chinese subsidiary, Seatig Chengdu CO. LTD. ("Seatig Chengdu"), to declare bankruptcy and the Seatig Employees to work for Defendants.

24. The Seatig Employees exited their employment contracts with Seatig to work for Defendants.  The Seatig Employees refused to return Seatig's work computers and company files containing proprietary information and intellectual property owned by Seatig. The Seatig Employees then transferred the proprietary information and intellectual property to Defendants. Seatig has commenced litigation against the former Seatig Employees that is ongoing in China concerning the illegal transfer of Seatig's property.

25. The above acts were orchestrated by Defendants to ultimately hire the Seatig Employees and take advantage of their skills and knowledge, while also misappropriating Seatig's intellectual property retained by those employees.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

26. Plaintiff repeats and realleges each and every of the foregoing allegations as if restated in full herein.

27. Plaintiff and Defendants were parties to the Agreement.

28. Plaintiff performed its obligations under the Agreement.

4

29.     Pursuant to ¶ 11 of the Agreement, Defendants were prohibited for a period of 20 years after working on TripLog-related projects from hiring Seatig's "present or past employees, consultants, workers, or freelancers…."

30.     Defendants breached the Agreement by soliciting and hiring the Seatig Employees immediately after terminating the Agreement.

31.     As a direct and proximate result of the conduct of Defendants as described herein, Plaintiff has suffered and will continue to suffer extensive irreparably injury, loss of goodwill, loss of revenue, harm to its business, and other injury and damages in an amount to be determined at trial, but no less than $4,000,000, plus interest, costs, and disbursements.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Contract)

32.     Plaintiff repeats and realleges each and every of the foregoing allegations above as if restated in full herein.

33.     Seatig and Seatig Employees were parties to an employment agreement.

34.     Defendants had knowledge that the employment agreement existed between Seatig and Seatig Employees.

35.     Defendants intentionally procured the breach of the employment agreement without justification.

36.     The employment agreement between Seatig and Seatig Employees was breached due to the direct interference caused by Defendants.

37.     As a result of this breach, Plaintiff is now facing an employment dispute initiated by the Seatig Employees in China, which has led to the bankruptcy of Seatig's operational subsidiary, Seatig Chengdu.

38.     As a direct and proximate result of the conduct of Defendants as described herein, Plaintiff has incurred damages in an amount to be determined at trial, but no less than $4,000,000, plus interest, costs, and disbursements.

**THIRD CLAIM FOR RELIEF**
**(Intellectual Property Misappropriation)**

39.     Plaintiff repeats and realleges each and every of the foregoing allegations above as if restated in full herein.

40.     The Seatig Employees were parties to an employment agreement which  stated that all information they had access to and developed during their employment with Seatig, including without limitation intellectual property, was owned by Seatig.

41.     After exiting their employment agreements with Seatig, the former Seatig Employees illegally transferred Seatig's proprietary information and intellectual property to Defendants.  As a result, Defendants unlawfully acquired Plaintiff's intellectual property.

42.      Plaintiff has been harmed by Defendants' use of its misappropriated intellectual property.

43.     As a direct and proximate result of the conduct of Defendants as described herein, Plaintiff has incurred damages in an amount to be determined at trial, but no less than $4,000,000, plus interest, costs, and disbursements.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

i.    Awarding damages against Defendants in favor of Plaintiff in an amount to be determined at trial, but no less than $4,000,000, plus interest, costs, and disbursements;

ii.    Attorney's fees, disbursements, and costs of the action; and,

iii.    Any other relief as the Court deems just and proper.

Dated: New York, New York
       October 18, 2024

                                        **LEVY GOLDENBERG LLP**

                                        By: */s/ Andrew R. Goldenberg*
                                        Andrew R. Goldenberg
                                        Claudia Mumic
                                        75 Broad Street, Suite 2120
                                        New York, New York 10004
                                        T: (212) 906-4499
                                        E: andrew@levygoldenberg.com
                                        E: claudia@levygoldenberg.com

                                        *Attorneys for Plaintiff*